IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY R. DAILEY #60533-080 | § | |
| v. | § | CIVIL ACTION NO. 6:13cv486 |
| JUDITH K. GUTHRIE, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Anthony Dailey, proceeding *pro se*, filed this civil action under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) against a District Judge and Magistrate Judge of this Court, as well as three judges of the Fifth Circuit Court of Appeals. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Dailey's complaint revolves around his criminal trial. In brief, he states that U.S. District Judge Michael Schneider "became an advocate for the prosecution" during trial by allowing fabricated evidence to be admitted in order to help the Government prosecute him. When he sought relief under 28 U.S.C. §2255, Magistrate Judge Guthrie committed "numerous errors" in recommending that relief be denied, which recommendation was then erroneously adopted by Judge Schneider. When Dailey appealed this denial, the Fifth Circuit panel of Judges Higginbotham, Southwick, and Clements "did intentionally and maliciously abuse said power in the form of racial, bias, and partial review and judgment procedures against the Appellant Anthony Ray Dailey." He contends that his request for a certificate of appealability was supported with "overwhelming supporting facts" but that this request was erroneously denied by the panel.

For relief in his lawsuit, Dailey asks for an injunction of all past and present judicial proceedings against him and an order requiring that the Defendants comply with precedent commanding relief for convictions obtained through perjured testimony and fabricated evidence. He also asks that the case agents, investigators, and prosecutors be held liable for their criminal actions and for a declaratory judgment stating that his conviction was unlawful, the judges failed to protect his constitutional rights and denied him equal protection based on his race, the evidence was overwhelming to show that he was entitled to a certificate of appealability but the Fifth Circuit panel refused to comply with clearly established law, and the judges are not above the Constitution or the U.S. Supreme Court.

After review of the pleadings, the Magistrate Judge to whom the present lawsuit was assigned issued a Report recommending that the case be dismissed. The Magistrate Judge determined that Dailey was seeking declaratory and injunctive relief in a <u>Bivens</u> action which would have the effect of setting aside his conviction and sentence, but that the sole avenue for seeking such relief is through a motion to vacate or correct sentence under 28 U.S.C. §2255. Dailey has previously sought §2255 relief without success; the Magistrate Judge stated that Dailey cannot evade the rules governing successive petitions by casting his claims in the form of a civil rights lawsuit.

The Magistrate Judge further stated that while the doctrine of judicial immunity does not apply to claims for declaratory or injunctive relief, Dailey has not shown that he is entitled to such relief; instead, the Magistrate Judge said, Dailey is attempting an end run around §2255 by asking that the Court declare his conviction unlawful and issue declaratory relief setting it aside.[1] The Magistrate Judge therefore recommended that Dailey's lawsuit be dismissed with prejudice as frivolous.

---

[1] Dailey also asks for a declaratory judgment that the Fifth Circuit panel refused to comply with the law. Research has failed to turn up any previous examples of district courts issuing such declaratory judgments concerning actions of the court of appeals.

In his objections, Dailey suggests first that the Magistrate Judge issuing the Report had a personal bias against him because the Magistrate Judge knew that Dailey has exhausted his §2255 remedies and has no other means by which he, Dailey, can secure his release. He cites Baker v. Carr, 369 U.S. 186, 208 (1962), a voting rights case, as saying that individuals have the right to claim the protection of the laws whenever he receives an injury; even were this case applicable, however, Dailey has failed to show that he was denied the right to claim the protection of the laws.

Next, Dailey contends that the Magistrate Judge erred in saying that prisoners cannot set aside their convictions through civil rights lawsuits, citing Skinner v. Switzer, 131 S.Ct. 1289 (2011) and Davis v. U.S. Sentencing Commission, 716 F.3d 660, 665 (D.C.Cir. 2013). In Switzer, a jury convicted the plaintiff Skinner of murder and sentenced him to death. A number of years after his conviction, the State of Texas enacted a law allowing prisoners to gain DNA testing under certain circumstances. Skinner sought such testing in state court and was denied. He then filed a federal action for injunctive relief, naming the district attorney as respondent. The district court held that requests for post-conviction DNA testing were cognizable only in habeas corpus, and the Fifth Circuit reversed.

On certiorari review, the Supreme Court held that the complaint was cognizable under 42 U.S.C. §1983. In so holding, the Supreme Court emphasized that "success in [Skinner's] suit for DNA testing would not 'necessarily imply' the invalidity of his conviction." The Supreme Court looked to Wilkinson v. Dotson, 544 U.S. 74, 82 (2005), in which it was held that prisoners challenging the constitutionality of administrative decision denying them parole eligibility could proceed under §1983 because they sought no "injunction ordering ... immediate or speedier release into the community" and a favorable judgment would not necessarily imply the invalidity of their convictions. By contrast, in Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme Court held that a lawsuit under §1983 was not an available remedy where "a judgment in favor of the plaintiff

would necessarily imply the invalidity of his conviction or sentence." *See* Skinner, 131 S.Ct. 1289, 1298 (2011) (discussing Wilkinson and Heck).[2]

In the present case, Dailey's allegations and requests for relief make clear that a judgment in his favor would necessarily imply the invalidity of his conviction. As a result, the Magistrate Judge correctly determined that Dailey's claim cannot proceed as a civil rights lawsuit, and Dailey's objection on this ground is without merit.

Third, Dailey argues that he has "exhausted all of his remedies" and that he seeks to bar an "unconstitutional conviction" by way of an injunction, due to "being framed by federal officials who denied him equal protection of the laws because of his race." Although 28 U.S.C. §2255 offered relief through its statutory provisions, as did Rule 60(b), the writ of mandamus, and a motion for a new trial, Dailey states that "the courts refused to comply with statutory provisions of these available remedies and have sacrificed their reputations as well as their loyalty and integrity to the U.S. Constitution and oaths of office just to keep an African American in prison and to keep their colleagues from facing potential prison terms for obstructing justice." This contention is without merit.

Dailey again complains that he has no remaining remedy under §2255, and says that the Magistrate Judge is recommending that he be denied a right to secure his release through "another available remedy." As the Magistrate Judge correctly determined, Dailey cannot obtain release through a civil rights lawsuit. This objection is without merit.

Dailey goes on to assert that his allegations are not "conclusory," but are supported by "police reports, photo documents, trial transcripts, investigation reports, and identification records." He states that trials have been won or overturned on much less evidence than he has presented to the Court. The evidence to which Dailey refers was presented to the Court in his §2255 motion, Dailey

---

[2] The Magistrate Judge correctly determined that the rule in Heck applies equally to lawsuits brought under Bivens rather than 42 U.S.C. §1983. Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994).

v. United States, civil action no. 6:07cv281. This Court concluded that Dailey was not entitled to relief and the Fifth Circuit affirmed that determination. Dailey has not shown any basis upon which to set that determination aside even if he had the power to challenge the outcome of a §2255 proceeding through a civil rights lawsuit. This objection is without merit.

Finally, Dailey states that he cited numerous cases in his lawsuit of persons who suffered the same types of injuries at the hands of corrupt government officials but they were released; he says that he has suffered "deliberate indifference" because he was not accorded the same rights and privileges as these persons. However, Dailey was unable to show that he suffered constitutional violations warranting the grant of §2255 relief. This objection is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 15) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. The dismissal of this lawsuit shall not prevent the Plaintiff Anthony Dailey from seeking permission from the Fifth Circuit Court of Appeals to file a successive §2255 motion to vacate or correct his sentence. It is further

ORDERED that the Clerk shall send a copy of this Order to the Administrator of the Strikes List for the Eastern District of Texas. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 2nd day of October, 2013.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**